## Nelson v. Halfen.

1. BUILDING CONTRACTS—*Architect as Arbitrator.*—In building contracts, where the architect is made an arbitrator in cases of dispute between the owner and contractor, and that his decision shall be final and binding upon all parties, *it was held* that as such arbitrator he has, as a general rule, power to construe the contract.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Appeal by the defendant. Heard in this court at the October term, 1893, and affirmed. Opinion filed April 19, 1894.

The statement of facts is contained in the opinion of the court.

THORNTON & CHANCELLOR, attorneys for appellant.

M. W. ROBINSON, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee was a plumber, and a sub-contractor, under one Williams, to do the plumbing work in and about a building which Williams had contracted to erect for appellant.

The original specifications and contract between the owner, appellant, and the contractor, Williams, called for the water supply to extend to the main pipe in the street, but the contract between Williams and the sub-contractor required the supply pipe to extend no further than to the curb wall of the street.

When the owner saw that appellee was starting the supply pipe from the curb, and not from the main in the street, he objected, and afterward, in order to arrange the matter, they met with the architect, who talked over the controversy with the parties, and after some independent conversation between the owner and himself, in a language not understood by the appellee, told the appellee in the presence and hearing of appellant, to go ahead and extend

the supply pipe into the street, and he would see that he got his pay.

The parties, appellant and appellee, then went together to obtain a permit for digging up the street. As to what, if anything, further was then or afterward said between them as to whether the appellant would or would not pay for doing the work directed by the architect to be done, the parties conflict in their testimony, and the finding of the court as to the truth of the matter ought not to be disturbed.

The conduct of the appellant at the time the architect directed the work to be done, indicated, and the appellee was justified in inferring, that the promise of the architect to see that he got his pay was authorized by the appellant. Relying on that promise, the appellee performed the work, and the appellant refusing to pay for it, suit was begun and judgments recovered by the appellee in both the Justice's Court and Superior Court, for the value of the work, $21.90.

It appears by the written contract between the owner and the contractor, that the architect was made arbiter in cases of dispute between the owner and contractor, and that in all cases of doubt his decision should " be final and binding on all parties," and that the contractor was to be paid upon the architect's certificates.

Undoubtedly the architect had the power to require Williams, the contractor, to extend the supply pipe to the street main, or to withhold from the contract price such a sum as it should cost to do so.

The owner and the architect having within themselves the power to protect not only themselves, but the sub-contractor also, as against the contractor, whose duty it was to perform the work, the appellee, sub-contractor, might well have understood that they would do so and pay him out of money which otherwise would be paid to the contractor.

Such an understanding would not be inconsistent with the statement made by appellant that he would not pay him, the appellee, for if the architect and owner had done what

they had the right to do by withholding from the contractor the cost of doing the work, and giving it to appellee, it would in legal effect have been a payment to the contractor and not to the appellee.

If, however, a different view of the effect of the testimony of the parties should be taken, then the rule will apply, that where the evidence is uncertain and conflicting, the finding of what is the truth of it, by the court before whom the witnesses appeared and testified, will not be disturbed, unless for more weighty reasons than exist in this cause.

The judgment of the Superior Court will be affirmed.

MR. JUSTICE WATERMAN dissents.